UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. CR 96-18ML |
| | : | |
| FERDINANDO G. LOMBARDI | : | |

# REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on October 31, 2005, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At the hearing, I ordered Defendant released pending my Report and Recommendation and final sentencing before District Judge Mary M. Lisi. Based upon the following analysis and the admission of the Defendant, **I recommend that the Defendant serve a term of one (1) day of incarceration, followed by a term of supervised release for a period of twenty-nine (29) months. I further recommend that, while on supervised release, Defendant participate in mental health treatment as approved by the United States Probation Officer. I further recommend that Defendant provide to United States Probation, on a timely basis, copies of complete financial records, including copies of any contracts for work. I further recommend that the Defendant not participate or engage**

**in any form of gambling. Finally, I recommend that Defendant be ordered to satisfy his outstanding restitution balance of $249,808.42.**

**Background**

On August 25, 2005, the Probation Office petitioned the Court for the issuance of a summons for Defendant's appearance. On September 6, 2005, the District Court ordered the issuance of a summons as requested in the petition. The Defendant appeared in Court on September 30, 2005, for a preliminary hearing. A subsequent hearing was held on October 31, 2005 at which time Defendant knowingly and voluntarily admitted to the following charges and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**
>
> On June 29, 2005, Mr. Lombardi submitted a monthly report in which he certified that he paid $1,200.00 restitution during the month of June. On July 28, 2005, Mr. Lombardi admitted that he falsified the June 2005 monthly supervision report.
>
> **The defendant is to provide to U.S. Probation, on a timely basis, copies of complete financial records, including copies of any contracts for work.**
>
> Mr. Lombardi failed to provide financial statements to the United States Probation Department in a timely manner as directed by United States Probation Officer David S. Borrelli on May 23, 2005, July 8, 2005, July 14, 2005, and August 3, 2005.

As the Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release was previously imposed. Therefore, the term cannot be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class D felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation. However, since Defendant has already served six months' imprisonment as a result of one or more previous revocations, the statutory maximum term of imprisonment remaining is eighteen months.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed

on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is three years. There has been a term of six months' imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the six months previously imposed, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed

Grade C violations and the statutory maximum term of supervised release has already been imposed. Therefore, the court may not extend supervision, but may revoke or modify supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The first provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is an outstanding restitution balance in the amount of $249,808.42.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of I at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade C violation and has a Criminal History Category of I. Therefore, the applicable range of imprisonment for this violation is three to nine months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant originally pled guilty to a conspiracy charge involving insurance fraud and stolen automobiles in 1996 and was sentenced to thirty months' incarceration, thirty-six months' supervised release and $256,671.42 restitution. Defendant's first period of supervision resulted in a violation when Defendant reverted to criminal behavior and pled guilty in 2001 to state motor vehicle/insurance fraud charges. At that time, the Probation Office also charged Defendant with failing to provide it with financial records/information, and failing to satisfy his restitution obligations. However, those latter charges were dismissed in connection with a plea arrangement by which Defendant admitted to the two other charged violations. See Document No. 83.

Defendant is again charged with violations related to his restitution. Since his conviction nearly ten years ago, Defendant has paid a mere $6,863.00 restitution (less than 3% of the total) to the victims of his crimes. Defendant admitted to falsely reporting to his Probation Officer that he

had made a $1,200.00 restitution payment by check when he had not done so and to repeatedly failing to give financial information to his Probation Officer.

According to the Probation Office, Defendant's current financial picture is, at best, murky, and his failure to provide timely and complete financial information only makes matters worse. His Probation Officer's skepticism as to Defendant's pleas of poverty is reasonable in light of Defendant's noncompliance. If Defendant lacks financial resources, he should have no problem providing his Probation Officer with supporting information. If Defendant fails to do so, it suggests that he is trying to hide something and to play games with this Court and duck his victim restitution obligations. Defendant is advised that those obligations were imposed as part of his original sentence and will not simply disappear over time.

Although the imprisonment range in this case is three to nine months, the Government argued only for a minimal (one week) period of incarceration to be followed by an additional thirty-six months of supervision. Defendant argued that one day, if necessary, would suffice to send the message. This Court agrees that a lengthy term of incarceration is not warranted at this point in time and would only hinder Defendant's ability to satisfy his restitution obligations. Since there is no practical difference between one week and one day, this Court recommends a term of incarceration of only one day[1] to be served in the custody of the U.S. Marshal Service, to be followed by a term of twenty-nine months' supervised release with the special conditions noted below. Defendant is,

---

[1] Pursuant to § 7B1.3(a)(2), the Court may (A) revoke supervised release; or (B) extend and/or modify conditions, upon finding a Grade C violation. Since the statutory maximum term of supervised release was previously imposed in this case, the Court cannot extend or effectively modify conditions, and the only option is to revoke. Having revoked and imposed a sentence of one day, Defendant is subject to a further term of supervised release of up to twenty-nine months and twenty-nine days (thirty-six month statutory maximum less six months' revocation term less one day revocation term). 18 U.S.C. § 3583(h); see United States v. Maxwell, 285 F.3d 336, 341 (4th Cir. 2002) (Section 3583(h) requires court to subtract all prior terms of imprisonment imposed for revocation from statutory maximum of supervised release term).

however, on notice that he has been given the benefit of the doubt, and this Court will recommend jail time if presented with a similar violation in the future. As Defendant was advised by Magistrate Judge Lovegreen in 2001, "if he wishes to remain free from incarceration, the key to that end is in his pocket – simply obey and comply with all the terms and conditions of his supervised release." (Document No. 79 at p. 6).

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant serve a term of one (1) day of incarceration, followed by a term of supervised release for a period of twenty-nine (29) months. I further recommend that, while on supervised release, Defendant participate in mental health treatment as approved by the United States Probation Officer. I further recommend that Defendant provide to United States Probation, on a timely basis, copies of complete financial records, including copies of any contracts for work. I further recommend that the Defendant not participate or engage in any form of gambling. Finally, I recommend that Defendant be ordered to satisfy his outstanding restitution balance of $249,808.42.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v.

Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
November 1, 2005